Filed 3/7/24  P. v. Williams CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ANZYLON WILLIAMS,<br><br>  Defendant and Appellant. | B328763<br><br>(Los Angeles County<br>Super. Ct. No. BA212549) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Because this appeal is determined by well-settled legal principles, we decide the matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.) In 2001, a jury convicted defendant and appellant Anzylon Williams of (1) attempted willful, deliberate, and premeditated murder and (2) conspiracy to commit murder. The trial court sentenced defendant to 26 years to life in prison on the conspiracy count, and stayed execution of sentence on the attempted murder count pursuant to Penal Code[1] section 654.

In 2019, defendant filed a petition for resentencing under former section 1170.95. We affirmed the resentencing court's denial of that petition, concluding former section 1170.95 did not apply to convictions for attempted murder. (*People v. Williams* (June 29, 2020, B300341) [nonpub. opn.].)

The Supreme Court granted review and instructed us to vacate our opinion and reconsider the case in light of then-recently enacted amendments to former section 1170.95 and the Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952. In 2022, we issued a new opinion concluding that under the amendments to former section 1170.95, defendant was entitled to a new determination by the resentencing court as to whether her petition established prima facie eligibility for relief. (*People v. Williams* (Apr. 19, 2022, B300341) [nonpub. opn.].)

On remand, in accordance with an agreement between the parties, the resentencing court vacated the attempted murder conviction and resentenced defendant on the conspiracy count. The resulting sentence was the same, 26 years to life.

---

[1] Unspecified statutory citations are to the Penal Code.

In April 2023, defendant filed a new petition under former section 1170.95, which the resentencing court summarily denied without appointing counsel.  Defendant appealed and we appointed counsel who filed a brief identifying no arguable issues.  We invited defendant to file a supplemental brief, which she did.

Because this is an appeal from a denial of postconviction relief under former section 1170.95, we are not required to conduct an independent review of the record, as we might be in a direct appeal from a criminal conviction.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*); see *People v. Wende* (1979) 25 Cal.3d 436.)  When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

It is not clear what issues defendant seeks to raise in her supplemental brief, which seems only to summarize the proceedings below.  Defendant notes her current sentence is identical to the one she was serving before she filed her 2019 petition.  This is to be expected given her original sentence was based solely on the conspiracy count, with the sentence on the attempted murder count stayed under section 654.  Under that circumstance, vacation of the attempted murder count had no impact on the length of the sentence.

Defendant notes our 2022 opinion provided instructions to the resentencing court under former section 1170.95, whereas the current resentencing statute is section 1172.6.  Apart from numbering, there is no difference between the version of former section 1170.95 addressed in our 2022 opinion and section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 223, fn. 3 [in 2022 the

Legislature renumbered former section 1170.95 as section 1172.6 without substantive change].)

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>


                                        BENDIX, J.


We concur:



        ROTHSCHILD, P. J.



        CHANEY, J.

4